Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001195
28-APR-2017
08:22 AM

NOS. CAAP-14-0001195, CAAP-14-0001196,
AND CAAP-14-0001197

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KRISTOPHER KEALOHA, Defendant-Appellant
(CR. NOS. 12-1-0224 and 12-1-0387)

and

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KRISTOPHER KANE KEALOHA, Defendant-Appellant
(CR. NO. 13-1-0813)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

In these consolidated appeals,[1] Defendant-Appellant Kristopher Kane Kealoha (Kealoha), appeals from three August 20, 2014 Judgments of Conviction and Sentence in Cr. No. 12-1-0224, Cr No. 12-1-0387, and Cr. No. 13-1-0813 respectively, entered by the Circuit Court of the First Circuit (Circuit Court).[2]

On appeal, Kealoha argues that the Circuit Court erred in ordering restitution as part of his sentence, as restitution was not explicitly agreed-to in his plea agreement to which the Circuit Court agreed to be bound.  Kealoha seeks remand for re-sentencing or withdrawal of his guilty plea.

---

[1]    By order entered on April 10, 2015, CAAP-14-0001195, CAAP-14-0001196, and CAAP-14-0001197 were consolidated by this court.

[2]    The Honorable Dexter D. Del Rosario presided.

After a careful review of the parties' briefs, the record on appeal, and the applicable law, and giving due consideration to the point raised and arguments made by the parties, we resolve Kealoha's appeal as follows and affirm.

Kealoha argues that the Circuit Court erred in ordering any restitution as he did not agree to pay restitution as part of his plea agreement with the State. Alternatively, Kealoha maintains that, as the change of plea form[3] did not include a specific amount of restitution, his plea was not knowing, intelligent, and voluntary as the imposition of restitution constituted a deviation from the specific terms of his plea agreement, to which the Circuit Court agreed to be bound.

The Circuit Court did not abuse its discretion in ordering restitution here because restitution was statutorily required in this case under Hawaii Revised Statutes (HRS) § 706-646(2) (2014)[4] and § 706-605(7) (2014).[5] See State v. Feleunga, 125 Hawaiʻi 475, 264 P.3d 53, No. 30450, 2011 WL 5561157 at *2 (App. Nov. 15, 2011) (SDO) (no abuse of discretion in imposing

---

[3] It is not clear to which form Kealoha refers. However, a specific restitution amount does not appear on either his Guilty Plea form or the attached "Exhibit 'A' to Guilty Plea form.

[4] HRS § 706-646(2) provides,

*The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim.* The court shall order restitution to be paid to the crime victim compensation commission in the event that the victim has been given an award for compensation under chapter 351. If the court orders payment of a fine in addition to restitution or a compensation fee, or both, the payment of restitution and compensation fee shall have priority over the payment of the fine, and payment of restitution shall have priority over payment of a compensation fee.

(Emphasis added.)

[5] HRS § 706-605(7) provides,

The court shall order the defendant to make restitution for losses as provided in section 706-646. In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.

2

restitution because the court was statutorily required to order restitution under HRS § 706-646).

Moreover, it appears that the parties did not come to any agreement beyond the terms of incarceration for each of the offenses. First, the Exhibit A incorporated into Kealoha's guilty plea mentions no other possible penalties, including fines and compensation fees. Second, at sentencing, neither Kealoha, who was an active advocate in his own behalf, nor his counsel, ever objected to the imposition of restitution as outside the plea agreement. Rather, the discussion centered on Kealoha's ability to pay a judgment of restitution, during which defense counsel stated that "we talked about that," indicating that it was not a surprise. Thus, the record supports the conclusion that the plea agreement did not expressly include restitution, but did not prohibit it and in fact noted the possibility of restitution being imposed. Under these circumstances, the Circuit Court did not abuse its discretion by imposing restitution.

A defendant need not be informed of collateral effects of conviction before pleading guilty but need only be informed of direct terms. See Reponte v. State, 57 Haw. 354, 363-64, 556 P.2d 577, 584 (1976). This court has held that restitution is a collateral consequence of a no contest or guilty plea. State v. Tuialii, 121 Hawai'i 135, 139, 214 P.3d 1125, 1129 (App. 2009).[6] Therefore, Kealoha's plea was not rendered involuntary because

---

[6]     We note that, as in Tuialii, Kealoha's guilty plea form in each of the underlying cases, which he reviewed with his counsel, stated,

> 6.     I understand that the court may impose any of the following penalties for the offense(s) to which I now plead: the maximum term of imprisonment, any extended term of imprisonment, and any mandatory minimum term of imprisonment specified above, consecutive terms of imprisonment (if more than one charge); restitution; a fine; a fee and/or assessment, community service; probation with up to one year of imprisonment and other terms and conditions.

(Emphasis added.)

the Circuit Court did not specifically warn him of the possibility of restitution.

Based on the foregoing, the August 20, 2014 Judgments of Conviction and Sentence in Cr. No. 12-1-0224, Cr. No. 12-1-0387, and Cr. No. 13-1-0813 respectively, are affirmed.

DATED: Honolulu, Hawai'i, April 28, 2017.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge